# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Willie Wair, III, | Case No. 21-CV-2601 (JRT/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Tracy Beltz, Warden, MCF-Faribault; and<br>Keith Ellis, Minnesota Attorney General, | |
| Respondents. | |

This matter is before the Court on Petitioner Willie Wair, III's motion for an extension of time to file an amended petition for a writ of habeas corpus and for appointment of counsel. (Dkt. 10.)

**A.    Motion for an Extension**

On January 7, 2022, this Court Ordered Petitioner to file amended petition for a writ of habeas corpus that complies with Rule 2(d) of the Rules Governing § 2254 Cases in the U.S. District Courts. (Dkt. 6.) Petitioner was given 28 days from the date of the Order to file an amended petition consistent with the Order, failing which it would be recommended that this matter be dismissed without prejudice. (*Id.*)

On February 7, 2022, Petitioner filed a motion of for an extension of time to file an amended petition for a writ of habeas corpus. (Dkt. 7.) The request was based in large part due to limited access to legal materials. (*Id.*) On February 10, 2022, the Court granted the motion and ordered that "Wair must file his amended habeas petition by no

later than April 11, 2022, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute." (Dkt. 9.)

On March 24, 2022, Petitioner filed the present motion seeking an additional 30-day extension to file an amended habeas petition based on a lack of access to a law library, Lexis, or Westlaw.

The Court will grant the motion for an extension. Wair must file his amended habeas petition consistent with this Court's January 7, 2022 Order by no later than **May 20, 2022**, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute. The Court also orders the Clerk of Court to send Wair another copy of this District's template Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, AO 241.

The Court is not inclined to provide any further extensions based on unsubstantiated claims of a lack of access to legal materials.

**B.    Motion for Appointment of Counsel**

Petitioner also claims that he had another inmate write the present Motion and requests the appointment of counsel in order to make a cognizable claim.

There is no constitutional right to counsel in a habeas action. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). District courts may appoint counsel for habeas petitioners "'when the interests of justice so require.'" *Id.* (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)); *see also* 18 U.S.C. § 3006A(a)(2)(B) (statutory provision permitting appointment). When deciding whether to appoint counsel in the habeas context, a court should consider "the legal complexity of the case, the

factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard*, 29 F.3d at 471 (citing cases); *see also Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021) (same). At this stage of this litigation, the Court does not believe this action will be factually or legally complex such as to warrant appointment of counsel. Nor is there any evidence that Petitioner is unable to investigate this action's facts or present his arguments to the Court. Indeed, he has been on multiple occasion been able to seek relief from this Court.

The Court therefore denies the motion for appointment of counsel at this time.

## ORDER

Based upon the motion, as well as all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Willie Wair, III's motion for an extension of time to file an amended petition for a writ of habeas corpus and motion for appointment of counsel (Dkt. 10) is **GRANTED in part and DENIED in part** as follows:

1. Petitioner Willie Wair, III's motion for an extension is **GRANTED**.

2. Petitioner Willie Wair, III must submit an amended § 2254 petition, either on the District's template or in a document substantially following the District's template's format, that complies with this Court's January 7, 2022 Order (Dkt. 6) on or before **May 20, 2022**, failing which the Court will recommend dismissing this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

3. The Clerk of Court shall mail to Petitioner Willie Wair, III (1) this Order, (2) a copy of this District's template Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody, AO 241, and (3) a copy of this Court's January 7, 2022 Order (Dkt 6).

    4.    Petitioner's Willie Wair, III's Motion for appointment of Counsel is **DENIED** without prejudice.

Dated: April 22, 2022

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge